IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00910-GPG

ANTHONY D. ORDUNO,

    Plaintiff,

v.

MICHAEL UWATE,
DAVID COSSON, and
ALLISON CONNAUGHTY,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Anthony D. Orduno, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Orduno is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Orduno will be ordered to file an amended complaint if he wishes to pursue any claims in this action.

    The Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

    Mr. Orduno is suing an attorney who is representing him in an unspecified state court case. The other two defendants apparently are state court prosecutors. However, the specific claims Mr. Orduno is asserting against the defendants are not clear, in part because he fails to provide a short and plain statement of the grounds for the court's jurisdiction in the Complaint.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Mr. Orduno does indicate in a Civil Cover Sheet (ECF No. 1-1) that he is asserting claims pursuant to 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."

*Conn v. Gabbert*, 526 U.S. 286, 290 (1999). If Mr. Orduno is asserting claims pursuant to § 1983, the court has jurisdiction to consider those claims pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Mr. Orduno does not provide a short and plain statement of any federal claims in the Complaint.

In order to state a cognizable claim in federal court Mr. Orduno must identify the specific claims he is asserting, the specific factual allegations that support each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor the Defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support each asserted claim.

Mr. Orduno also is advised that he may not sue his defense attorney in a § 1983

action because defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Of course, a defense attorney engaged in a conspiracy with state officials to deprive his client of his constitutional rights does act under color of state law. *See Tower v. Glover*, 467 U.S. 914, 920-23 (1984); *Hunt*, 17 F.3d at 1268. However, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (per curiam). Furthermore, to the extent Mr. Orduno may seek to demonstrate state action on the basis of an alleged conspiracy with state officials who themselves are entitled to absolute immunity, the pleading standard is even stricter. *See id.*

Mr. Orduno also may not sue a prosecuting attorney in the absence of specific factual allegations demonstrating they acted outside the scope of their absolute immunity. Generally speaking, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

For these reasons, Mr. Orduno must file an amended complaint if he wishes to pursue any claims in this action. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Mr. Orduno will be directed to file his amended pleading on the court-approved Complaint form. Mr. Orduno also must provide an address where each Defendant may be served. Accordingly, it is

ORDERED that Mr. Orduno file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Orduno shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Orduno fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 26, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge